WILLIAM O'BRIEN, Respondent, v. JAMES LODI, Appellant.

Workmen's compensation — election by workman to sue third party — settlement of action without consent of Commissioner or insurance carrier — workman loses right to deficiency but settlement remains unaffected — courts without power to open case in absence of fraud.

1. Where a workman injured in the course of his employment elects to sue the third party responsible therefor, and afterwards accepts a sum of money in compromise and settlement of the action and executes a general release to the defendant, the courts have no power to open the case in the absence of fraud.

2. Section 29 of the Workmen's Compensation Law, providing that a compromise of such a cause of action by the employee for an amount less than the compensation provided by the statute shall be made only with the written approval of the Commissioner or insurance carrier, is binding upon the employee but not upon the third party liable for damages. If the employee settles without the required consent he loses his right to the deficiency between the amount received and that to which he would be entitled under the statute, but the settlement remains unaffected.

*O'Brien* v. *Lodi*, 218 App. Div. 767, reversed.

(Submitted June 23, 1927; decided July 20, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1926, which affirmed an order of Special Term granting a motion to vacate an order of discontinuance and to cancel a general release.

The following question was certified:

Where the plaintiff, an employee entitled to workmen's compensation from his employer, brought an action against the defendant, a third party, to recover for the personal injuries sustained by him in consequence of the

alleged negligence of the defendant, in which action issue was joined and on the day that the case appeared on the calendar for trial a compromise of the claim of the plaintiff against the defendant was agreed upon, and a stipulation was signed by the attorneys for the respective parties that the action be discontinued and that an order to that effect be entered, and an order discontinuing said action was entered pursuant to such stipulation, are such compromise, stipulation and discontinuance invalid so as to entitle the plaintiff thereafter to set them aside so as to claim deficiency compensation under the Workmen's Compensation Law, if recovery be less than compensation, because the compromise of said action was made without the written approval of the Commissioner, or of the person, association, corporation or insurance carrier liable to pay said compensation as required by section 29 of the Workmen's Compensation Law?

*Samuel E. Oppenheim* for appellant. The question certified should be answered in the negative and the motion denied. (*O'Brien* v. *Knickerbocker Ice Co.*, 213 App. Div. 464; *Sabatino* v. *Crimmins Construction Co.*, 102 Misc. Rep. 172; *Lester* v. *Otis Elevator Co.*, 169 App. Div. 613; *Rosebrock* v. *General Electric Co.*, 236 N. Y. 227.)

*Edwin J. Dryer* and *Thomas F. Gleason* for respondent. The agreement of compromise, though merely *malum prohibitum*, was invalid. (*Wadsworth* v. *Livingston County*, 217 N. Y. 484; *Hart* v. *City Theatres Co.*, 215 N. Y. 322; *Foley* v. *Spier*, 100 N. Y. 552; *Woodworth* v. *Bennet*, 43 N. Y. 273; *United States* v. *Trans-Missouri Freight Assn.*, 166 U. S. 290; *Cooks* v. *Phillips*, 56 N. Y. 310.) Justice and equity require that the parties be relieved of the consequences of the invalid contract. (*Logan County Bank* v. *Townsend*, 139 U. S. 67; *Pratt* v. *Short*, 79 N. Y. 437; *Barry* v. *Mutual Life Ins. Co. of N. Y.*, 53 N. Y. 536; *Foote* v. *Lathrop*, 41 N. Y. 358.)

CRANE, J. The above question certified to us by the Appellate Division arose out of the following state of facts: The plaintiff was a helper on an ice wagon. On the 17th day of April, 1920, the wagon was struck in the rear by an automobile, causing the plaintiff severe injuries. The plaintiff filed a notice of election under the Workmen's Compensation Law [Cons. Laws, ch. 67] to sue the third party, the defendant appellant, the person owning and operating the automobile, and to make claim to compensation for any deficiency between the amount recovered in such action and the compensation to which he might be entitled pursuant to section 29 of that statute. The plaintiff thereupon brought this action, which was reached on the calendar for trial in April of 1924. A settlement was proposed and accepted. The action was compromised for $300, which was paid in full settlement of all the plaintiff's claims against the defendant. A general release was thereupon executed by the plaintiff, and an order of discontinuance entered. That ended the plaintiff's dealings with the defendant, and any legal demand he had upon him.

Two years later the Special Term of the Supreme Court, upon motion of the plaintiff, set aside the settlement, the release and the discontinuance, and restored the case to the Trial Term calendar for trial, upon condition that the plaintiff return to the defendant the $300 received. There was no claim that the release was obtained by a fraud or misunderstanding; the plaintiff acted voluntarily with full knowledge. The only reason for this order of the Special Term is that the settlement was made without the consent of the insurance carrier; that the plaintiff could not even voluntarily make a settlement with a third party which would be binding without the consent of the State or the insurer.

We do not take this view of the Workmen's Compensation Law. Workmen have not yet become wards of the State; they are free to contract, as heretofore, and

to waive their rights under statute or Constitution, if they so choose. (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *Larscy* v. *Hogan & Sons, Inc.*, 239 N. Y. 298; *Fitzgerald* v. *Harbor Lighterage Co.*, 244 N. Y. 132.)

The Workmen's Compensation Law aims to give every workman in certain specified trades compensation for injury received while in the course of his employment. It virtually shifts the loss through personal injury from the shoulders of labor, and places it upon capital. The employer in the given cases becomes the insurer against such loss and may cover his liability by insuring or reinsuring with the casualty companies. Negligence no longer plays any part in the validity of the claims of the workingman. His personal injury must be compensated according to the schedules provided in the law. The statute deals with these relationships between the employer and employee, insurance company and the State. It may and frequently does happen that the employee in the course of his employment is injured as in this case by the negligence of a third party. By section 29 of the Workmen's Compensation Law he is given an election; he may seek his full compensation from his employer, or the insurer, in which case his cause of action for damages against the third party is transferred to the insurer or person paying the compensation. Or the employee may sue the third party directly, and if the recovery be less than what he would receive under the Workmen's Compensation Law, he may obtain the difference from his employer or insurer. The election is the election of the employee. Under no circumstances or conditions is he bound to make an election or to make any claim for compensation. He may by inaction forego his rights to compensation under the law, or his cause of action against the third party. In all instances he is the mover who sets the claim or the action in motion and course of settlement. If he can forego the entire

4

claim or the entire cause of action, he surely can do so much with any part of it; in other words, he can do as he pleases about his own injury.

Should the employee take compensation under the Workmen's Compensation Law, his cause of action against the third party upon the award of compensation operates as an assignment of it to the State or to the insurance carrier. Under such circumstances, of course, the employee releases all his hold upon his cause of action. He cannot settle it or prosecute it; he is out. Where, however, he determines that he will sue the third party, the cause of action is in his own hands and he can conduct it, settle or release it as to him seems best. In this particular, section 29 reads: " If he elect to proceed against such other, the state insurance fund, * * * shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

Like any other provision of law, the employee may waive his right to this deficiency, either expressly or by implication.

Section 29 also contains another condition. It is this: " A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioner, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same."

This provision is binding upon the employee and not upon the third party, liable for damages. He has nothing whatever to do with this law, except to pay the damages for which he is liable. This provision is not a restriction upon the right of defendants to settle cases. Settlements are favored by the law, the only condition being that of fair dealing. The limitation of this provision is on the

employee. If he settles, as he has a right to do, his cause of action with the third party without the consent of the insurer, he loses his right to the deficiency. This provision of section 29 is to protect the insurer as to the amount of the deficiency; it has no other purpose. It is a matter solely between the employee and the insurance carrier. The third party has nothing to do with it.

Therefore, when the claimant in this case settled his action with the defendant for $300 without the written approval of the Commissioner or the insurer, he released his right to the deficiency, if any, but in no way affected the settlement. His claim against the defendant has been released, and the courts have no power to open the case in the absence of fraud.

The question certified should be answered in the negative, assuming that it also includes the statement that the money was paid in accordance with the settlement, and has not been returned. The order of the Appellate Division and that of the Special Term should be reversed, and the motion denied, with costs in all courts.

CARDOZO, Ch. J., POUND, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., dissents; ANDREWS, J., not sitting.

Ordered accordingly.