In the Matter of the Claim of HENRY BEEKMAN, Respondent,
against W. A. BRODIE, INC., and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 29, 1928.

Workmen's compensation — third party action — deficiency award —
claimant settled with third party without consent of carrier — claimant
is not entitled to deficiency award.

.A claimant who suffered an injury in the course of his employment while on the
premises of a third party was advised by his employer to make a claim against
such third party.    While he claims that he was so advised also by his employer's
carrier the evidence does not support that claim.    As a matter of fact the claim-
ant settled with the third party without bringing suit or without filing any notice
of election to sue the third party and that settlement was made without the
knowledge of his employer's carrier or without its consent.

The claimant is not entitled now to a deficiency award since he has closed the right
of the carrier to proceed against the third party.    Such a settlement has the
effect of releasing the claim against the third party without affecting the
settlement.

DAVIS and HILL, JJ., dissent, with opinion.

APPEAL by W. A. Brodie, Inc., and another from an award of
the State Industrial Board made on the 25th day of November,
1927.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-
General,* of counsel], for the respondents.

WHITMYER, J.    The claim is that claimant compromised with a
third party for his injury, without the written approval of the
carrier, and that he thereby lost his right to any deficiency.

The award was for the period from April 20, 1925, to March 12,
1926, or forty-six and four-fifths weeks at $20 per week, and recites
that the employer and the carrier are entitled to a credit of $255
received by claimant from a third party.    The Board found that
claimant had elected to take compensation under the Workmen's
Compensation Law and that he did not elect to commence and
did not commence an action against the third party, who was
responsible for his injuries.    He fell and injured his left arm on
April 20, 1925, at two P. M., while trying to enter an elevator
in the Bush Terminal Building, Brooklyn, N. Y.    The attending
physician reported that the injury was a transverse fracture of
the upper end of the radius.    Claimant reported the accident to
his employer and testified that he was advised by him to go after
the Bush Company, as the responsible party.    Then, he testified

that his employer talked about the matter with some one connected with the Bush Company, and, again, that his employer's carrier made him go to the Liberty Mutual Insurance Company, the third party carrier.    The employer admits that he advised him as stated, but denies that he went to the Bush Company in the matter.    And there is no evidence to support the statement that the employer's carrier made him go to the third party carrier.    The payment of compensation indicates the contrary.    The employer reported the accident to its carrier and the carrier then paid compensation to claimant, at the rate of $20 per week, commencing April 29, 1925, but stopped on or about June 30, 1925, after it had paid $200, when it learned about the third party claim.    Notwithstanding that he accepted these payments, claimant made claim against the Bush Company, whereupon its adjuster sent him to the third party carrier, which paid him $255 in settlement, and he signed some papers evidencing it.    That was somewhere between January and February 25, 1926, and was done without an election to sue, without suit, and without the knowledge or consent of his employer's carrier.    And his employer, while knowing that a settlement was under discussion, did not know what it was, until after it was made.    The finding is that claimant elected to take compensation under the act and did not elect to commence an action against the third party.    While he was accepting compensation from his employer's carrier, he was trying to settle with the third party and he finally did.    Acceptance of compensation and acceptance of the sum in settlement each constituted an election within the meaning of section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499).    A notice of election is not required. But each election or choice involved a different remedy and the question arises whether or not choice in one direction precluded action in another.    In *Matter of Woodward* v. *Conklin & Son, Inc.* (171 App. Div. 736, 738, 739), Mr. Justice COCHRANE writing, this court decided otherwise, saying that a claimant may pursue his remedy against a third party, who may be liable, without discharging his employer's carrier, unless he recovers what might be awarded under the act, and that a release or settlement is no bar to further prosecution by the carrier because it was ineffective.    That case did not go to the Court of Appeals and the result of the decision was that, in cases of third party compromises for specific sums, the Board deducted the amount received from the amount of the award.    (*Matter of Meyers* v. *Johnson,* 197 App. Div. 911; 24 State Dept. 724; *Doyle* v. *Burton,* 206 App. Div. 784; *Egan* v. *Otis Elevator Co.,* 209 id. 332; *Matter of Matta* v. *Dennings Point Brick Works,* 224 N. Y. 596.) *Matter of Corigliano* v. *International Druggist Supply Co.* (222 App.

Div. 843) is a similar case, but that had the additional element of payments under awards made after the third party settlement, with knowledge of the circumstances, constituting a waiver. And the Attorney-General cites the case of *Matter of Clow* v. *Keith's Fordham Theatre,* affirmed in this court and in the Court of Appeals (221 App. Div. 826; 247 N. Y. 583), where it was held that the carrier had waived by stating, when claimant's attorney said that a third party offer of settlement had been made, that it had no interest therein, since its claim was that the accident did not arise out of and in the course of claimant's employment. Since these cases, the Court of Appeals has decided the case of *O'Brien* v. *Lodi* (246 N. Y. 46) and appellants claim that it is decisive of the questions here. There, the court decided that the limitations of the section are binding upon the employee and not upon the third party, liable for damages, who has nothing to do with the law, and that, if the employee settles with the third party, without the consent of the carrier, he loses his right to the deficiency, in which the carrier is interested and with which the third party had nothing to do. Further, that such a settlement has the effect of releasing the claim against the third party without affecting the settlement. The decision seems to apply directly. It is true, notice of election had been filed there, but that did not affect the situation. The section does not require notice and no regulation, adopted pursuant to sections 29 and 117 of the act, requiring notice has been called to the court's attention. Further, the carrier's rights were not affected by what the employer may have done, since it is the carrier only who has the right to approve or disapprove of a settlement. And, while claimant stated in one place that the carrier made him go to the third party carrier, the evidence does not support the statement. If such was the fact, the evidence should have been developed. The record is very unsatisfactory. As it stands, I think that the *O'Brien* case is decisive here.

The award should, therefore, be reversed and the claim dismissed.

VAN KIRK, P. J., and HINMAN, J., concur; DAVIS, J., dissents, with an opinion in which HILL, J., concurs.

DAVIS, J. (dissenting). If what is said in the opinion in *O'Brien* v. *Lodi* (246 N. Y. 46) is to be applied literally to the facts in this case, then there can be little doubt that the award should be reversed. But we must consider the question actually decided in the *O'Brien* case in giving effect to the language, " If he settles, as he has a right to do, his cause of action with the third party without the consent of the insurer, he loses his right to the deficiency."

The question decided was that where an employee was injured by the negligence of a third party, and had filed an election to sue and had brought an action against the third party, and had then voluntarily compromised his claim and discontinued the action without the approval of the Commissioner or the carrier liable for compensation, such employee was not entitled to have the release given set aside in the absence of proof that it was obtained by a fraud or misunderstanding.

In the case before us, claimant made no election to sue, and no action was brought. Urged and directed by his employer, who claimed he was not liable (and there is some evidence that the carrier participated), he accepted from the indemnitor of the third party the sum of $255, signing " some papers." Under all the circumstances, I think this amounted to no more than a covenant not to sue. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58; *German Amer. Coffee Co.* v. *O' Neil*, 102 Misc. 165.) He then made claim for compensation. To the award made, he is admittedly entitled unless he has bartered away his right thereto by accepting a sum voluntarily offered to him without a suit brought. Several decisions in this court, cited in the prevailing opinion, authorized the course taken. We have heretofore held that section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) did not apply to this situation further than to reduce the award against the employer and carrier by the amount received in compromise. That reduction was made in this award. I do not favor the change of doctrine long established, in the absence of decision of the Court of Appeals on the precise point.

It is likely that the third party settles at his peril before suit is brought; and if the employee makes claim and receives compensation, the cause of action is assigned to the carrier free from the claim of accord and satisfaction with the claimant. But it is unnecessary to determine that question.

I think the award should be modified by deducting therefrom the sum of $200 already paid, but inadvertently included, and as so modified, the award should be affirmed.

HILL, J., concurs.

Award reversed and claim dismissed, with costs against the State Industrial Board.