In the Matter of the Claim of HENRY BEEKMAN against W. A. BRODIE, INC., et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

(Argued October 2, 1928; decided October 16, 1928.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for appellant. The claimant is not estopped from pursuing his remedy in compensation where he has made

no election under section 29, providing the amount which he receives is deducted from the compensation. (*Lester* v. *Otis Elevator Co.*, 169 App. Div. 613; *Rosebrock* v. *General Electric Co.*, 236 N. Y. 227; *Doyle* v. *Barton*, 206 App. Div. 784; *Matter of Meyers* v. *Johnson*, 197 App. Div. 911; *Egan* v. *Otis Elevator Co.*, 209 App. Div. 332; *Matta* v. *Dennings Point Brick Works*, 224 N. Y. 596; *Corigliano* v. *International Druggists Supply Co.*, 222 App. Div. 843; *Clow* v. *Keith*, 247 N. Y. 583.)

*William B. Davis* and *E. C. Sherwood* for respondents. The claimant's unauthorized settlement has, under section 29 of the statute, barred his right to compensation. (*Matta* v. *Dennings Point Brick Works*, 224 N. Y. 596; *Matter of Sienko* v. *Bopp & Morgenstern*, 248 N. Y. 40; *Matter of McKee* v. *White*, 218 App. Div. 300; 244 N. Y. 610.)

*Per Curiam.* The employer was estopped from asserting its rights under the provisions of Workmen's Compensation Law (Cons. Laws, ch. 67), section 29, relative to written consent when it disclaimed liability and advised the employee to settle his case with the third party (*Matter of Clow* v. *Keith's Fordham Theatre*, 247 N. Y. 583). The insurance carrier was not bound by such waiver. Its own written consent or waiver thereto was necessary to bind it. As against the insurer, the employee has lost his right to the deficiency (*O'Brien* v. *Lodi*, 246 N. Y. 46). His claim against the employer remains (Workmen's Compensation Law, § 53). Workmen's Compensation Law, section 54, subdivision 2, relates to jurisdiction and does not apply to a case where both insured and carrier are parties to the proceeding.

The order dismissing the award against W. A. Brodie, Inc., employer, should be reversed and the award of the State Industrial Board affirmed with costs in this court and in the Appellate Division. The order dismissing the award against the Travelers Insurance Company should be affirmed with costs against the State Industrial Board.

CRANE, J. (dissenting in part). The insurance carrier in my opinion was also bound by the estoppel or waiver of the employer. Its actions in this particular were binding on the insurance carrier. By section 54, subdivision 2, of the Workmen's Compensation Law the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation. The employer and the carrier are treated as one in many instances. Thus under section 18, notice of injury is given to the Commissioner and to the employer. Knowledge of the accident by the employer may excuse the failure to give notice, or it may also be excused on the ground that the employer has not been prejudiced by want of notice. The insurance carrier is not entitled to notice of injury and may be bound by the knowledge of the employer. By section 28, the claim for compensation must be filed within the year but it is filed with the Commission, not the carrier. The employer and insurance carrier shall be deemed to have waived the bar of the statute unless the objection to the failure to file the claim within the year is raised on the hearing. Objection by one, I take it, would be for the benefit of both.

Compensation means a money allowance payable to an employee. It is the payment of this compensation which the law seeks to make certain. The employee must be protected and the allowance secured. Failure to secure the payment of compensation is a misdemeanor. (Sec. 52.) An employer is not relieved from liability for compensation except by payment thereof by himself or his insurance carrier. (Sec. 53.) Insolvency of the employer does not relieve the carrier. (Sec. 54, subd. 3.) Section 50 says an employer *shall* secure compensation in one of the ways indicated. Here it was done through an insurance carrier. With such obligations

placed upon him and the carrier, it would be strange if an act or word of the employer could lessen the employee's security and relieve the carrier. Whatever may be the rights between themselves the employee looks to both for his compensation. Section 25 provides a penalty if the employer or insurance carrier fail to pay the award, and section 26 permits the entry of judgment where the *employer*, although insured, fails to pay compensation due under an award, by the filing with the county clerk of a certified copy of the decision of the Industrial Board. The judgment shall be in conformity with the award.

To further secure the employee in his compensation provision is made that no agreement by him to waive his right shall be valid and the benefits due under the act cannot be assigned or attached by creditors. (Secs. 32 and 33.)

With such strict regulations to safeguard an employee's interests, an employer who has induced his workman to seek pay from a third party cannot plead the lack of consent to a settlement referred to in section 29 (*Matter of Clow* v. *Keith's Fordham Theatre*, 247 N. Y. 583), and the insurance carrier cannot profit by these acts of the employer. In this particular the estoppel is likewise binding on the carrier. *O'Brien* v. *Lodi* (246 N. Y. 46) does not apply as there was no consent to the settlement with the third party. The release of the third party claim was *solely* the election of the employee. Here if there were a settlement it was with the consent and at the direction of the employer.

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN and O'BRIEN, JJ., concur in *per curiam* opinion; CRANE, J., dissents in part in opinion in which KELLOGG, J., concurs.

Ordered accordingly.