In the Matter of the Claim of CHARLES BREITAL, Respondent, against SAMUEL HINDERSTEIN and Another, Doing Business as HINDERSTEIN BROTHERS, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1932.

*James J. Mahoney* [*George J. Stacy* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin,* *Assistant Attorney-General,* and *Abraham Brekstone* of counsel], for the respondents.

HINMAN, J.   This case involves an election to sue a third party by an infant through his father as guardian *ad litem.*   Such third party action was voluntarily discontinued by stipulation without the consent of the carrier and without its knowledge after the claimant had reached twenty-one years of age but before the expiration of one year after his twenty-first birthday, up to which time the former infant could have renewed his action.

The accident happened on October 10, 1927.   The infant claimant was born March 13, 1909, and was eighteen years of age at the time of the accident.   His time to sue the third party expired March 13, 1931.   On October 26, 1927, the claimant filed a notice of election to sue the third party.   His attorneys did not bring the case on for trial because the infant and his father did not furnish disbursement money to go on with the case.   On December 22, 1930, the suit was discontinued by stipulation of the parties.  Thereafter, on December 26, 1930, a hearing was held on the claim for compensation at which hearing the representative of the employer and insurance carrier was informed of the discontinuance of the action.   The theory of the Board is stated in its finding as follows:  " The rights of the employer and carrier herein to subrogation or other remedy have not been prejudiced by any conduct on the part of the claimant, and the latter's right to compensation has not been barred by any loss of remedy suffered by the employer and carrier."   The theory of the Board is untenable.   The confusion arises from the failure to differentiate between an election to take compensation and an election to sue a third party.   The claimant

cannot elect compensation and also elect to sue a third party. When an election has been made it is final. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273, 276.) If the election is to take compensation, an award operates to subrogate the carrier to the claimant's cause of action, if any exists, against a third party. In *O'Brien* v. *Lodi* (246 N. Y. 46) it has also been definitely settled that if an election is made to sue a third party the sole relief in compensation is an award for deficiency and there is no assignment of the cause of action to the carrier. The theory is that the cause of action has been exhausted in order to determine the amount of the deficiency. If there is no judgment on the merits fixing the deficiency there can be no award for deficiency. So unless the carrier has waived its rights in some way, the consent of the carrier was essential to a discontinuance of the action. In this case there is no waiver or estoppel running against the carrier. If there was any waiver it was on the part of the claimant himself who was of age when the action was discontinued and who was represented by an attorney in that action and also in the proceeding before the Industrial Board. If there was any time left in which that action could have been again started in order to fix a deficiency, it was the duty of the claimant to prosecute it, and by failing to do so he has waived his right to compensation.

The question is raised whether a discontinuance is in effect a compromise. I think that any act whereby the election to sue is not carried to judgment on the merits in order to fix the deficiency, is preventive of any award for deficiency unless the carrier has consented or has waived its right in some way. In this case the carrier did not consent nor did it estop itself to raise a question of prejudice. It was prejudiced and its counsel raised the question at the earliest opportunity.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

VAN KIRK, P. J., concurs; RHODES, J., concurs in result on the ground that the insurance carrier was prejudiced; McNAMEE, J., not voting; HILL, J., dissents and votes to affirm on the ground that the action, if any had been brought against a third party, had been discontinued, and if no action had been brought the intention to bring one had been abandoned several months prior to the time when the cause of action outlawed against the third party, and claimant notified the employer and carrier of the abandonment and began prosecution of the claim for compensation; the carrier and employer have not been prejudiced.

Award reversed and claim dismissed, with costs against the State Industrial Board.