In the Matter of the Claim of SOPHIE PIZCZ, Widow of JOHN PIZCZ, Deceased Employee, Respondent, against JOHN SCHULTZ, Doing Business as GREENPOINT MACHINE TOOL AND PATTERN WORKS, Employer, Appellant, Respondent, and NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Respondent, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 16, 1932.

*Frederick Mellor [Bernard F. Farley* of counsel], for the appellant insurance carrier.

*Benjamin Nebenzahl [Jeremiah F. Connor* of counsel], for the appellant, respondent, employer.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General,* and *Hector A. Robichon* of counsel], for the respondents.

*Harry A. Dicker,* for the claimant, respondent.

RHODES, J. Claimant, respondent's husband, was employed by Joseph Schultz, doing business as Greenpoint Machine Tool and Pattern Works, with offices at No. 232 Richardson street, Brooklyn, N. Y., engaged in the manufacture of brass and copper goods and in installing and repairing machinery. The employer was making improvements to his residence at Islip, L. I., in which the plumbing was being installed by a plumber hired by him. Business being dull, the employer directed the decedent to help the plumber at the residence. On the 3d day of May, 1928, decedent went to the employer's shop and obtained metal supplies, chandelier fittings, tools and brass fixtures to be used in the installation of the same at the residence, and while transporting them on a motorcycle to the job, a collision occurred with a truck and the employee sustained injuries resulting in his death.

The employer testified that the work at the residence had to do with the shop; that deceased was paid therefrom and that he was doing the same work at the residence as he was doing in said shop.

The Board has found that the injuries arose out of and in the course of his employment. An award for death benefits has been made against the employer and carrier. The insurance carrier appeals upon the ground that the policy in force does not cover the injury and death. The declarations attached to the policy specified° that the location of the business is " 232 Richardson Street, Brooklyn, New York, and elsewhere in New York State." " All business operations * * * conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer: 1. All industrial

operations upon the premises. * * * 5. Operations not on the premises." The policy further provides that it shall apply to injuries sustained "by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places."

The work on which the deceased was engaged at the residence was an incident of his employment at the shop, and the policy, therefore, covered his work in which he was engaged at the time of the accident. (*Matter of Wingen* v. *Fleischman*, 252 N. Y. 114; *Collier* v. *Dangard*, 230 App. Div. 796; affd., 256 N. Y. 561.)

The employer, on his appeal, insists that he was released from liability by the conduct of the claimant. It was conceded at the hearing upon the claim herein before the referee, that a third party action was commenced and that the claimant settled said action for $750 without the consent of the employer, but with the consent of the carrier. The employer asserts that the settlement and release of the claim prejudiced his rights and constituted as against him a release by operation of law.

Section 10 of the Workmen's Compensation Law provides in part that "every employer * * * shall * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment." Section 53 provides in part that an employer securing the payment of compensation by contributing premiums to the State Fund, shall thereby become relieved from all liability for personal injuries or death sustained by his employees. And it further provides that "*An employer shall not otherwise be relieved from the liability for compensation prescribed by this chapter except by the payment thereof by himself or his insurance carrier.*" Section 29 of the law requires a claimant, before any suit or award, to elect whether to take compensation or to pursue his remedy against a third party; it provides that if the claimant elect to take compensation, the awarding of compensation shall operate as an assignment of the cause of action against the third party and if the claimant elect to proceed against the third party, " the State insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. * * *. A compromise of any such cause of action by the employee or his dependents at an amount less than the

compensation provided for by this chapter *shall be made only with the written approval of the Commissioner * * *, person,* association, corporation, or insurance carrier *liable to pay the same.*"

Presumably claimant expected to recover by a third party action more than the amount of the award, otherwise there was no reason for bringing the action. Had she recovered an amount equal to the award permitted, there would have been no liability as against the employer for he is made liable only for the deficiency. She, without the consent of the employer, has settled and released the third party for less than the amount of the subsequent award. Such award has now been rendered against him for the deficiency, whereas if the action had been prosecuted to judgment, there might have been no deficiency. So far as the employer is concerned, we must assume that he has been prejudiced by such settlement without his consent.

Furthermore, as the matter now stands the employer has been prejudiced because he has been deprived of his right of subrogation. The claimant obtained an award for compensation after having commenced the third party action, but she had already destroyed the employer's right to reimburse himself through subrogation when she settled and released her claim against the third party. If she had not released such claim against the third party, her cause of action therefor would have passed to the employer and carrier by subrogation upon the rendition of the subsequent award. Without the consent of the employer she effectively and finally destroyed such right of subrogation and the employer has thereby suffered detriment by the conduct of the claimant. It is true that if the award is paid by the carrier, there will remain no liability against the employer, but the carrier in paying, acts only as the employer's representative. (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 N. Y. 324, 329.) The award is made against both carrier and employer and until paid the employer is liable therefor. (§ 53, *supra.*)

It has been decided that a settlement by the employer without the consent of the carrier discharges the carrier. (*Matter of Beekman* v. *Brodie, Inc.*, 249 N. Y. 175; *Matter of Broital* v. *Hinderstein*, 236 App. Div. 203.) In the cases cited the carriers were held to be released because they had been deprived of a substantial right and thereby prejudiced; conversely, in the case before us the employer has been deprived of a substantial right, and thereby prejudiced. A release to the employer, therefore, arises by operation of law.

The award should be affirmed as against the carrier, appellant, with costs to the State Industrial Board, and reversed as against

the employer, appellant, with costs to the employer against the State Industrial Board.

VAN KIRK, P. J., and CRAPSER, J., concur; HINMAN, J., concurs in result; HILL, J., dissents and votes to affirm upon the ground that the statute permits a compromise without the consent of the employer. (Workmen's Comp. Law, § 29.) A compromise may be made " upon the approval of the Commission, if the State is the insurance carrier, or of the other insurance carrier, if the State is-not the insurance carrier." (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, 403.)

Award affirmed as against the carrier, appellant, with costs to the State Industrial Board, and reversed as to the employer, appellant, with costs against the State Industrial Board.