In the Matter of the Claim of WALTER BURMESTER, Respondent, against ANTONIO DeLUCIA and Others, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 25, 1932.

*James J. Mahoney* [*George J. Stacy* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin Assistant Attorney-General,* and *Isaac Frank* of counsel], for the State Industrial Board.

*Alpern & Gottlieb,* for the claimant, respondent.

RHODES, J. The sole question raised on this appeal is that claimant is estopped from asserting any claim for compensation, the argument being that the conduct of the claimant has deprived appellants of their right of subrogation to their prejudice.

The accident happened on the 13th day of April, 1927, at which time claimant was nineteen years of age. As correctly argued by appellants, claimant would have become twenty-one years of age on or prior to April 13, 1929. Allowing an additional year after claimant became of age to commence an action, that time expired April 13, 1930. An action to recover for personal injuries must be brought within three years. (Civ. Prac. Act, § 49.) So, in any event, a right of action for negligence expired April 13, 1930. The employee filed a claim for compensation dated April 14, 1927. A hearing was held before the Board on July 13, 1927, at which time it was stated that claimant was suing a third party, and thereafter claimant filed a written notice of election to sue a third party, dated July 28, 1927. Hearings were suspended pending the determination of said third party action. It appears that such action was brought by the claimant herein as plaintiff, by his guardian *ad litem*, against a corporation, and against Antonio DeLucia and Thomas DeLucia, individually and as copartners doing business as DeLucia Bros., a copartnership, one member of which copartnership was the employer herein. In said action the copartnership was represented by an attorney, but a different attorney represented the employer on the hearings herein. By stipulation dated May 10, 1930, the attorneys for the defendants consented and agreed that said third party action be discontinued. In connection with said stipulation, the said plaintiff made an affidavit, sworn to on the 15th day of May, 1930, stating that he

was twenty-one years of age; that the said action was then pending and undetermined; that he had consulted his attorney as regarded liability of the above case and after due deliberation had concluded that the case was one of doubtful liability and financial responsibility on the part of the defendants. In said affidavit it is further stated: " And in view of the foregoing facts, your deponent has instructed his attorney that your deponent is desirous of accepting compensation and has instructed his attorney to discontinue the above action and to obtain an order for such purpose." Upon the said stipulation and affidavit, an order was granted on October 20, 1930, discontinuing said action.

At a hearing held on September 27, 1930, it was stated that the third party action had been discontinued, following which an award was made. At a later hearing held on November 28, 1930, it appeared that a check for the amount of the award had been sent by the carrier to the claimant, but payment had been stopped by it, the reason therefor being that the carrier, after being told that the third party action had been discontinued, had investigated the matter and learned that the action was still pending. The attorney for appellants then moved for a disallowance of the claim on the ground that " claimant is still prosecuting the third party action to such an extent that our rights of subrogation were prejudiced through his delay." Further hearings were held before the Board resulting in the decision now appealed from.

From the chronology above stated, it appears that the third party action was not discontinued until after the Statute of Limitations had run against the third party. It is claimed that the carrier consented to the steps taken and, therefore, should not be heard to assert estoppel. All that the carrier did was to call attention to the pendency of the third party action and object to an award being made during such pendency. The position thus taken was correct. By section 29 of the Workmen's Compensation Law, the carrier being liable only for deficiency where a third party action is brought, the amount of such deficiency could only be determined after the conclusion of the third party action. No award could be made prior thereto. The carrier was then assured that the action had been discontinued. Upon investigation it discovered this was not the fact. It then objected that the period of limitation had expired and thereby its rights had been prejudiced. This objection is valid. By the conduct of the claimant he is estopped from asserting liability against such carrier. (*Matter of McKee* v. *White*, 218 App. Div. 300; affd., 244 N. Y. 610; *Matter of Breital* v. *Hinderstein*, 236 App. Div. 203.)

A different situation exists as to the employer. The attorney for

the copartnership, of which the employer was a member, consented to the discontinuance of the third party action. This consent should be binding upon the employer herein. Having consented to what was done, the employer should not now be heard to assert that he has been prejudiced thereby.

The award as to the employer should, therefore, be affirmed. The award as against the carrier should be reversed on the law and facts, with costs to the carrier, appellant, against the State Industrial Board.

VAN KIRK, P. J., HINMAN and CRAPSER, JJ., concur; HILL, J., votes to affirm as to the carrier, on the ground that the carrier had waived its defense because the Statute of Limitations had run on April 13, 1930, and thereafter participated in further hearings, and in October, 1930, mailed its check to claimant in satisfaction of the award made by the Industrial Board.

Award affirmed as against the employer, appellant, and reversed as against the carrier, with costs to the carrier against the State Industrial Board.