In the Matter of the Claim of John McCann, Respond-
ent, against Baker Elevator Corporation et al.,
Appellants.

State Industrial Board, Respondent.

(Submitted March 16, 1934; decided April 17, 1934.)

*Clarence B. Tippett* for appellants.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum*
of counsel), for State Industrial Board, respondent.

Order affirmed, with costs; no opinion.

Concur: Pound, Ch. J., Lehman, O'Brien, Hubbs
and Crouch, JJ. Not sitting: Kellogg, J. Crane, J.,
dissents in the following opinion:

Crane, J. (dissenting). The Workmen's Compensa-
tion Law (Cons. Laws, ch. 67), section 29, reads in part:
" If an employee entitled to compensation under this
chapter be injured or killed by the negligence or wrong
of another not in the same employ, such injured employee,

or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commissioner may by regulation prescribe."

The reason for the election to be disclosed or made known is because of the consequences which flow from the results of the law suit: " If he elect to proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

The employer or carrier is, therefore, interested in such action at law. It cannot be settled for a sum less than the compensation provided without the written approval of the Commissioner or insurance carrier. If a compromise is made without such consent the employee loses his right to all compensation under the statute. The amount of the recovery is important to the carrier as well as the diligent prosecution of the case in good faith. Delay may cause loss or force discontinuance. The employer is entitled to know what is to be done and the law has so provided.

Elections or choice of remedies may usually be determined by the bringing of an action or other application to the courts, commissions or bodies providing a remedy. However, we have something more here. The statute prescribes how the election shall be made. The regulations prescribed by the Commissioner must be substantially followed unless waived. The Commissioner has made regulations, provided a form, known in this case as C-13, in which the employee specifically makes his election to sue a third party, making claim also for any deficiency.

We now come to the case before us. The employee was

injured October 18, 1929. He filed a claim for compensation February 3, 1930. He later commenced an action against the third party for negligence on October 31, 1931. He filed no notice of election to sue the third party, as required by section 29, above quoted. First the claimant sued the National Container Corporation, but believing he had the wrong defendant, this action was discontinued without the consent of the employer or insurance carrier. Another action was begun against Air Depot Realty Corporation, which resulted in a judgment for the defendant. The claimant has received an award for full compensation at the amount fixed by the statute.

The employer or insurance carrier did not waive the provisions of the statute requiring written election according to the regulations of the Commissioner. Mere knowledge that a third party action was started without the formal election would not constitute a waiver. There must be some indication that the insurance carrier or employer did not insist upon it, but knowingly waived the regulation.

There were about thirteen hearings, including adjournments, of this claim, running from March 20, 1930, to June 19, 1933. At the hearing November 24, 1930, advice was received that a third party hearing was pending and the referee " closed files pending outcome of third party action." At the hearing resumed December 21, 1931, the employer's lawyer made the objection that no election (C-13) had been made and filed and this was repeated at two other hearings.

The question is as to the importance and necessity of complying with the regulations of the Commission in making an election to sue a third party. We cannot say regarding this or any other act of the Legislature which requires certain formalities to preserve benefits that they are unimportant. If not waived, the benefits of the statute are lost without compliance with the requirements. I am of the opinion that the regulations of the Commission, that election shall be evidenced in writing

on the form C-13 or in some such way, is vital to the claim of this employee, and that his failure so to elect prevents an award. (See *Lester* v. *Otis Elevator Co.*, 169 App. Div. 613, at p. 618; *O'Brien* v. *Lodi*, 246 N. Y. 46.)

The orders of the Appellate Division should be reversed and the claim dismissed, with costs.