## THIRD DEPARTMENT, MAY, 1934.

In the Matter of the Claim of EMMA MUNRO, Respondent, *v.* L. P. HENRYSON & Co. and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion; Bliss, J., dissents.

McNAMEE, J. (dissenting). The claimant did not file a notice of election to sue a third party, nor give any other notice to the Commission, the employer, or the employer's carrier. Before any award was made, the claimant settled her claim against the third party, the owner of the building in which she was injured, received fifty dollars in money, and thereupon executed and delivered a general release. Thereafter the claimant prosecuted her claim for compensation, and received payments from the employer's carrier to the extent of $550. The settlement was then discovered by the insurance carrier of the employer, and payments were stopped. The Industrial Board procured from the third party a surrender of the general release above mentioned, with the understanding that the money paid to the claimant by the releasee would be returned from awards to be made against the carrier of the employer. The Board found as facts that the claimant received the payment of fifty dollars, and delivered the general release. It also found that the claimant did not know the import of the release, and believed the payment to have been a gift. If the money paid by the employer's carrier be disregarded, the small amount received from the third party gives claimant's position here a strong sentimental appeal. The third party was not within the jurisdiction of the Board, and had a legal right to buy its peace and settle its claim if it could do so by proper means. That there was a settlement is evident; and further, the Board attempted to undo it. There is no finding of mutual mistake, or of fraud, nor of other inequity on the part of the third party; and there is no evidence upon which such a finding could be based. If the writing evidenced the agreement as understood by one of the parties, as it clearly did, it is binding on both, and there can be no rescission. (*Salomon* v. *North British & M. Ins. Co.*, 215 N. Y. 214; *Christopher St. R. Co.* v. *23d St. R. Co.*, 149 id. 51; *Moran* v. *McLarty*, 75 id. 25.) When the settlement was entered into as evidenced by the release, the employer of the claimant and the employer's carrier were discharged under the statute. (Workmen's Comp. Law, § 29; *O'Brien* v. *Lodi*, 246 N. Y. 46; *Matter of Beekman* v. *Brodie*, 223 App. Div. 204.) It appears to us evident that there was an actual settlement; and, therefore, a discharge of the employer and its carrier under the statute. There is no provision in the statute for a reinstatement of this liability, and a new agreement between the claimant and the third party cannot revive claimant's rights against the employer. It may be that the claimant could establish mutual mistake, fraud, or other inequity on the part of the third party, in procuring the settlement, before a court possessing jurisdiction over the third party and the subject-matter, and thus have the settlement adjudged void *ab initio*. The award should be reversed and the claim remitted.