In the Matter of the Claim of SAMUEL L. STOUT, Respondent, against PRUDENTIAL INSURANCE COMPANY OF AMERICA, Employer and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1937.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General,* of counsel], for the State Industrial Board.

HILL, P. J. The employer and carrier, asserting that a third party action has been discontinued without the consent of the carrier, appeal from an award to the claimant. His injuries were received on November 11, 1933, when the automobile which he was driving came in collision with a truck. Shortly after the accident he began a third party action against three persons, but neglected to file an election to sue until about January, 1935. In October of the latter year his attorney wrote the carrier that after investigation he believed that two of the defendants had no interest in the truck and were not proper parties defendant, and, he feared, that the action against the third defendant would not be successful and, further, that if a judgment should be obtained it would be uncollectible. In conclusion the attorney stated: " I respectfully request therefore that permission be granted upon consent of the Travelers Insurance Company * * * to discontinue the third party action." The consent was not given. The action was formally discontinued, without costs to either party, on May 22, 1936, but no release given. The award was made on June 10, 1936, five months before the right to bring a third party action was barred by the Statute of Limitations, and during that time the carrier, having been subrogated (Workmen's Comp. Law, § 29), could have brought an action if it had been so advised. The Board has found that the carrier was not prejudiced through claimant's attempt to recover against a third party. So far as this issue is a question of fact, the evidence sustains the finding. Also the Board has equitable powers. (*Royal Indemnity Co.* v. *Heller,* 256 N. Y. 322; *Barone* v. *Ætna Life Ins. Co.,* 260 id. 410; *McMahon* v. *Gretzula,* 267 id. 573; *Commissioner of Taxation & Finance* v. *Gleasner C. A. S. & E. Co., Inc.,* 269 id. 590.) Strict compliance with a legal obligation is not always decreed, particularly when the omission is not prejudicial to an opponent.

The finding of the Board as to prejudice may be within the realm of equity.

The definite doctrine of a decade ago that an election under section 29 of the Workmen's Compensation Law to sue a third party was final and irrevocable except with the carrier's consent (*Travelers Insurance Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273, 276; *O'Brien* v. *Lodi*, 246 id. 46, 50) seems to have been modified by later authorities. In *Munro* v. *Henryson & Co.* (241 App. Div. 892; affd., 265 N. Y. 532) a claimant accepted a financial settlement from a third party. This was not disclosed and no notice of an election to sue a third party had been filed. An award was made and after a substantial sum had been paid, the carrier, learning of the settlement, ceased to make payments. The Board procured a surrender of the release from the third party upon the agreement that the amount paid would be returned. The Board found that the claimant made the settlement and executed the release without knowledge of the import and under the assumption that the money was a present or gift, and that the surrender of the release made the settlement null and void. Upon such findings the award was affirmed. In *Stratton* v. *Kay, Inc.* (246 App. Div. 659; leave to appeal to the Court of Appeals denied, 270 N. Y. 676) the claimant had settled with the third party and executed a general release; however, on the equities the carrier having suffered no injury and not having been prejudiced, the award was affirmed. In *McCann* v. *Baker Elevator Corp.* (240 App. Div. 796; affd., 264 N. Y. 529) the claimant, without filing a notice of election to sue a third party, brought an action which was discontinued without the consent of the employer and insurance carrier, and later brought an action against another party in which a judgment was obtained by the defendant. The award in compensation was affirmed.

The facts in *Beekman* v. *Brodie, Inc.* (223 App. Div. 204; 249 N. Y. 175) distinguish it.

The award should be affirmed.

McNAMEE and HEFFERNAN, JJ., concur; RHODES and BLISS, JJ., dissent, and vote to reverse the award and to dismiss the claim, on the authority of *Matter of Breital* v. *Hinderstein* (236 App. Div. 203; affd., 261 N. Y. 556).

Award affirmed, with costs to the State Industrial Board.