In the Matter of the Claim of ARTHUR SELIG, Appellant, against INTERSTATE HOSIERY MILLS, INC., and MARYLAND CASUALTY INSURANCE Co., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Decision reversed, with costs to the claimant against the employer and the carrier, and matter remitted to the State Industrial Board for action in accordance with the prevailing statement. Hill, P. J., McNamee and Heffernan, JJ., concur upon the following grounds: An award was refused for the reason " That the evidence adduced at the hearings discloses that the claimant settled the third party action without the consent of the insurance carrier." Claimant, a commercial traveler, received injuries while riding in an automobile which was wrecked upon a highway which was being reconstructed by the Waller Paving Co. The carrier presented as an exhibit a release discharging the paving company, *inter alia*, from any and all claims, arising by reason of personal injuries. During the hearing before the referee the following colloquy occurred: Carson, representing the carrier, said, " This case was settled with a third party," to which the referee replied: " For property damage only. A letter was shown here on March 16th. You showed the letter yourself showing that he settled for property damage." The record does not contain the letter, but it is presented upon this appeal. It contains the following statement: " The basis of the settlement was property damage. Mr. Selig's car was damaged to an extent in excess of $175. He stated that all he wanted us to do was to take care of the property damage claim and he would waive claims for personal injuries for himself and wife. However, to be on the safe side we secured the signature of his wife and also did not specify in Mr. Selig's release that it was for property damage only." If it be the fact that the settlement was for property damage only and the provision as to personal injury was included without consideration and without the consent of the claimant, the release was not such a settlement as

would deny compensation to claimant. (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Whipple* v. *Brown Bros. Co.*, 225 id. 237.) Upon the hearing before the Board claimant's attorney asked that the letter be received in evidence and that proof be taken concerning the release. This was denied by a member of the Board in a letter which said: "Assuming that the contents of the letter are as you allege, this would not be binding as the release speaks for itself, and anything which the carrier for the third party may have said in a subsequent letter is not binding and would not be interpreted as such." This is not a correct statement of the law and the Board decided the case on an erroneous legal theory. It is incumbent upon the employer and carrier in this case to establish that the release was obtained honestly and that claimant knowingly executed the instrument and the issue having been presented the burden to show good faith and lack of fraud was upon the carrier. (Workmen's Comp. Law, § 21; *Boxberger* v. *N. Y., N. H. & H. R. R. Co., supra.*) Rhodes and Crapser, JJ., dissent, and vote to affirm, on the following grounds: The letter in question was submitted to the referee and considered by him before he made his decision; after the decision was made, the letter was submitted to a member of the Board, but in each instance it was not deemed of sufficient weight to affect the decision of the question of fact presented. Although the letter was not formally marked or received in evidence, claimant has had the benefit of its consideration by the referee and by the Board. It is difficult to see what advantage will result to him by having the letter marked in evidence, and the facts again passed on by the fact-finding body.