HARRIS STRUCTURAL STEEL COMPANY, INC., Plaintiff, *v.* MARY H. DEAN, Individually and as Administratrix of the Estate of JOHN A. HOFF, Deceased, et al., Defendants.

City Court of New York, Trial Term, New York County, November 30, 1943.

*Arthur Wing* for plaintiff.

*Robert K. Kuzmier* and *Morris Zweibel* for defendants.

*Nathaniel L. Goldstein, Attorney-General* (*Anthony Maierolo* of counsel), *amicus curiæ*.

COLEMAN, J. This is an action by the former employer of one now deceased to recover from the widow, who is also the administratrix, the sum of $1,300 which the employer was required to pay to the State Treasurer [Fund for Reopened Cases], when, as the result of circumstances to be stated, and within the definitions of the Workmen's Compensation Law, it developed that " there are no persons entitled to compensation " (Workmen's Compensation Law, § 15, subds. 7, 8; § 25-a). The plaintiff relies upon an undertaking by the widow, in effect to reimburse it, if it should be required to make these payments by the Industrial Board — an undertaking which the widow now says was beyond her power to make and which as a matter of public policy should not be enforced.

One Hoff had been in the plaintiff's employ. He was killed in the course of his employment in circumstances which suggested that two contracting firms with which his own employer was associated in a building operation were responsible for his death. He left a widow and an infant son. His widow duly filed a claim for compensation benefits, and thereafter, in the capacity of administratrix, brought an action for damages for his death against the two contracting firms. There were negotiations looking to the settlement of that action and the two defendants offered to pay $23,500 in settlement. This offer the widow was prepared to accept, but the plaintiff declined to approve settlement unless the sum was increased to $25,000, and unless the widow undertook to keep $1,300 of it intact to reimburse the plaintiff if it should be called on to pay this amount into the State funds. The employer's approval was necessary to preserve to the widow and child any claim that they might still have against it for compensation benefits over and above the amount received in settlement of the death action. (Workmen's Compensation Law, § 29; cf. *O'Brien* v. *Lodi,* 246 N. Y. 46.) The amount was increased to $25,000; the widow gave her undertaking and the plaintiff then gave its consent to the settlement. Thereupon the Industrial Board, using the entire $25,000 as the basis of computation, suspended until 1954 compensation payments which the plaintiff might

otherwise be called on to make to the widow, and discharged the plaintiff from payment of compensation to the infant son, as his share of the settlement exceeded what he would have received by way of award. Shortly thereafter the widow remarried, whereupon the employer was released from any liability to her; there no longer were any "persons entitled to compensation" and the employer was required to make the payments in question. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.*, 281 U. S. 98, affg. 251 N. Y. 127; cf. *Federal Mut. Liability Ins. Co.* v. *Locke*, 60 F. 2d 895.)

The single question is whether an employer who has been asked to consent to a settlement of an action brought against a third party wrongdoer for the death of an employee, may, as a condition to his consent, require the beneficiaries under the death statute who are also the persons entitled to a compensation award, to indemnify him against payment of the special funds that he may be called upon to make. The widow says he may not and I think her position is well taken.

The Workmen's Compensation Law imposes an absolute and limited liability upon an employer to make compensation payments to an injured employee, or in case of death, to dependents. It is no longer necessary to say, as a conciliatory phrase toward the acceptance of the principle of industrial compensation, that absolute liability is in lieu of liability, unlimited in amount under common-law principles of negligence. (*Arizona Employers' Liability Cases*, 250 U. S. 400; *New York Central R. R. Co.* v. *White*, 243 U. S. 188.) The statute fixes the amount of compensation to be paid, and neither employer nor employee can deviate from the statutory provisions. No agreement to vary those provisions as between the two is valid; and the employer cannot in any way relieve himself from his obligation to make full payments. (Workmen's Compensation Law, §§ 31, 32; *Matter of Cretella* v. *New York Dock Co.*, 289 N. Y. 254; *Matter of Renzo* v. *Reid Ice Cream Corp.*, 279 N. Y. 83; *Surace* v. *Danna*, 248 N. Y. 18.) The employer may, to be sure, find that he is not called upon to make these payments, either wholly or partially, by the fortuitous circumstance that injury to or death of an employee resulted from the negligence of a third person. In such a case he is not automatically relieved of his liability; that persists, and he merely benefits by the amount recovered against the third person by judgment or settlement, paying only the difference between that amount and the amount that would otherwise be payable by way of compensa-

tion; nothing, if there is no difference. Other than this the employer has no concern with the third party action and no interest in it except, of course, that where that action is settled by voluntary arrangement between employee and third party, he cannot be held to any deficiency unless he has consented to the settlement. (*O'Brien* v. *Lodi, supra;* cf. *Matter of Gallagher* v. *Carol Constr. Co.,* 272 N. Y. 127.) This requirement is to prevent imprudent settlements to the prejudice of the employer, to assure satisfactory settlement agreements and thereby minimize the amount of the deficiency. " This provision of section 29 [requiring the employer's consent] is to protect the insurer as to the amount of the deficiency; it has no other purpose." (*O'Brien* v. *Lodi,* 246 N. Y. 46, 51, *supra.*)

It turned out, as I have said, that the amount received in settlement of the third party action, considering the widow's early remarriage, exceeded the amounts that would have been payable by way of compensation. There was no deficiency, therefore, and the employer, without making any compensation payments, was discharged from its obligations to the widow and child under the Compensation Law. But its obligation to the State then arose and it was required to pay into the special State funds for use in other compensation cases, the amount required by statute, just as it would have been required to do if there had been no dependents in the first instance. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127, affd. 281 U. S. 98, *supra; Sheehan Co.* v. *Shuler,* 265 U. S. 371, affg. *Matter of State Treasurer* v. *Sheehan Co.,* 236 N. Y. 579; *Matter of Commissioner of Taxation & Finance* v. *Cox,* 258 N. Y. 540; *Matter of Industrial Comr.* v. *Underwood E. F. Co.,* 243 App. Div. 658, reargument 245 App. Div. 347, reargument 247 App. Div. 658, affd. 271 N. Y. 639.) This obligation is a separate and independent one imposed upon the plaintiff as an employer to provide additional protection to certain classes of employees when it finds itself free of its obligations to make any payments under the Compensation Law. The obligation is as absolute as the obligation to pay the conventional compensation awards. What the plaintiff is attempting to do here is to have the widow and infant son indemnify it against payment which it is itself required to make, and to have them assume its obligation by paying this sum out of the proceeds received in settlement of the death action. But with that action, as I have said, the plaintiff has no concern except to see that it is disposed of prudently. It should not be permitted to use that action for its affirmative gain or to be released

from the obligation to pay in a case where it is in fact relieved from the obligation to pay compensation. It may have a right of action over against the negligent third party for the amount it has paid (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry Co., supra*), but it cannot use the machinery of the Compensation Law to compel the widow to reimburse it. Its consent to an otherwise prudent settlement cannot be withheld to permit it to escape its liability. It would be a perversion of the principles of industrial compensation to permit it to do so.

The complaint is dismissed.