In the Matter of JOSEPH CRISTIANO, Respondent, against NINFA's RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 1, 1955.

*Paul D. Williams, Adelbert Fleischmann* and *James P. Cotter* for appellants.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Coon, J. Appellants challenge the award solely on the grounds that the Workmen's Compensation Board lacked jurisdiction to set aside a release executed by claimant to a third party, and

that the evidence was insufficient to sustain a finding that the release was invalid, if jurisdiction existed.

While in the course of his employment as a waiter in the employer's restaurant, claimant, an innocent nonparticipant, was struck in the face by a glass thrown by one James Young, a patron of the restaurant, and sustained injuries which subsequently resulted in the removal of his left eye. Immediately after the incident claimant was attended by a doctor who bandaged the eye. The following day claimant swore out a warrant against Young for assault in the second degree, a felony. Claimant retained an attorney who was also attorney for the employer. Adjournments were taken in the criminal case, and in the meantime claimant's doctor had re-examined him and told claimant that his eye was "coming along pretty good." Five days after the accident claimant agreed to a settlement with Young for $300, and, through his attorney received that sum, less a $50 attorney fee, and delivered to Young a duly executed general release in the usual form. The criminal charge was withdrawn. The carrier had no knowledge of these transactions, and, of course, did not consent thereto.

Subsequently it developed that claimant's injury was much more severe than had been realized by anyone and the eye had to be enucleated. A claim for compensation was filed and the award here questioned was made, the board making a finding that the release was invalid.

Basically a release given to a third party by a claimant, without the consent of the carrier, is a bar to an award against the carrier of compensation for injuries sustained in the same accident. (Workmen's Compensation Law, § 29; *Matter of Beekman* v. *W. A. Brodie, Inc.*, 249 N. Y. 175; *O'Brien* v. *Lodi*, 246 N. Y. 46.)

We think the board lacked jurisdiction of both the subject matter and the parties to this release, and therefore exceeded its jurisdiction in making a finding that the release was "invalid". The release ran from claimant to James Young and the money received by claimant was in settlement of Young's legal liability, entirely outside the Workmen's Compensation Law, for damages sustained as a result of his personal injuries. There is nothing in section 142 of the Workmen's Compensation Law which outlines the jurisdiction of the board, or elsewhere, which confers jurisdiction upon the board to determine the validity of an instrument running between a claimant and a third party, not subject to the Workmen's Compensation Law, and purporting to establish rights between them which are entirely unrelated to

the Workmen's Compensation Law. Moreover, the board, of course, had no jurisdiction over James Young, one of the parties to the instrument. He was not present before the board; he had no notice of the proceeding, and there is no authority found in the Workmen's Compensation Law to make him a party to the proceeding. Even if he could be made a party, as one not subject to the Workmen's Compensation Law he could not be bound in matters affecting his own rights by the fact-finding finality granted to the board in matters which it may properly decide.

It is not a question of the equity powers of the board. Cases holding that the board has jurisdiction to reform compensation insurance policies, such as *Royal Ind. Co.* v. *Heller* (256 N. Y. 322), are not helpful here. In such cases the board is expressly given authority by the Workmen's Compensation Law to make the carrier a party, to enforce its policies, and, as stated in the *Heller* case (p. 326), such equitable power is "incidental to the general jurisdiction of the Board to enforce policies under the Workmen's Compensation Law."

It is true that in a few fringe cases awards by the board have been upheld where the board disregarded a release from claimant to a third party. (*Matter of Selig* v. *Interstate Hosiery Mills,* 254 App. Div. 616; *Matter of Stratton* v. *George J. Kay, Inc.,* 246 App. Div. 659; *Matter of Boykin* v. *Consolidated Diesel Electro Corp.,* 275 App. Div. 1010; *Matter of Munro* v. *Henryson & Co.,* 241 App. Div. 892, affd. 265 N. Y. 532.) However, the question of the power of the board to determine the validity of a release was not squarely presented or decided in those cases. The question was avoided by a determination, not that the release was invalid, but that it did not cover the injuries for which compensation was awarded; as covered property damage only (*Selig* and *Boykin* cases); release surrendered by third party (*Munro* case), or that there was a special agreement between the parties.

There is no evidence in this record to sustain a finding that the release was given for any purpose other than in settlement of damages arising from claimant's injuries. So long as the release stands, no award for those injuries may be made against the carrier. If the release was made under a mistake of fact or if grounds exist for setting the release aside or limiting the scope thereof, claimant may, if so advised, bring a plenary suit against the other party to the release in a court of competent jurisdiction. If and when the release is set aside, his claim for compensation may be pursued further.

The award should be reversed, without costs, and the matter remitted to the Workmen's Compensation Board.

FOSTER, P. J., HALPERN, IMRIE and ZELLER, JJ., concur.

Award reversed, without costs, and matter remitted to the Workmen's Compensation Board.