In the Matter of the Claim of THE INDUSTRIAL COMMISSIONER, Arising Out of the Death of EDWARD W. PEIFFER, Respondent, against UNDERWOOD ELLIOTT FISHER COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1935.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel], for the respondents.

RHODES, J. Upon the original argument of this case the question presented was that of extraterritorial jurisdiction. The award was upheld upon the ground that the Industrial Board had jurisdiction. (See 243 App. Div. 658.)

Thereafter the appellants made application for permission to appeal to the Court of Appeals. Upon examination of the papers presented on said application this court *sua sponte* directed a reargument which has been had, and the matter is thus again before us.

The situation is unusual in that the point which induced the ordering of reargument has not been raised in this court, although it was discussed below. The award, however, is so at variance with the intent of the statute as we conceive it to be, that we feel justified in disposing of the matter upon a point of law not raised by the parties. (See *Banks* v. *Carter,* 7 Daly, 417, 421.)

It appears that the deceased employee left him surviving a widow and two minor children; they having elected to proceed under the New Jersey statutes by a third party action in that State, and having received therein $19,300, have not filed any claim for compensation under the Workmen's Compensation Law of this State.

In this situation the Industrial Board below has proceeded upon the theory that there are no persons entitled to compensation herein under the provisions of subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, and have accordingly made an award to the special funds provided by said subdivisions.

In *Matter of Comr. of Taxation and Finance* v. *Gleasner Compressed Air Supply & Equipment Co., Inc.* (245 App. Div. 343), the Board similarly had made an award to the said special funds, where the deceased employee in that case left a widow who made no claim for compensation. That award was reversed by this court. It was there said: " From the merest reading of the statute it is seen that the only basis of authority given to the Board for the replenishment of the funds mentioned is that which arises when injury causes death, and there are no persons entitled to compensation. The right, if any, to an award of compensation is to be determined as of the time of the accident (Sec. 16, subd. 5). And the unwillingness of the dependent widow to exercise her right, if she had one, does not enlarge the power of the Board, or justify an attempt to impose a burden on the employer and the carrier which the statute does not."

In the present case there are " persons entitled to compensation," and they have been compensated.

The statute nowhere provides for an alternative payment to others where the persons entitled to compensation fail to make claim therefor, and there is no authority in the statute for the making of an award to the said special funds under such circumstances.

The award should be reversed and the claim dismissed, with costs to the appellants against the State Industrial Board.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Award reversed and claim dismissed, with costs to the appellants against the State Industrial Board.