In the Matter of the Claim of the Commissioner of Taxation and Finance on Account of the Death of Frank D. Wolfe, Respondent, against General Electric Company, Appellant. Workmen's Compensation Board, Respondent.

Third Department, June 29, 1951.

*J. Vincent Smith* for appellant.

*Archibald C. Wemple* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent.

HEFFERNAN, J. The Workmen's Compensation Board made awards of $500 and $1,500 respectively to the special funds pursuant to subdivision 9 of section 15 and section 25-a of the

Workmen's Compensation Law on the theory that there were no persons entitled to compensation.

Frank D. Wolfe, the decedent, was employed as an assistant division manager by the employer. On the evening of May 4, 1945, he attended a business dinner meeting given by the employer at the Mohawk Golf Club in Schenectady to all its assistant managers throughout the United States. Decedent was directed by his employer to attend this dinner and to deliver a talk to the guests on company business. At the conclusion of the dinner he drove several of the out-of-town guests to their hotel. On the way to the hotel decedent stopped at a grocery store to make a purchase. On returning to the car he was struck by an automobile which was operated by Robert D. Lesser, a coemployee, who had also been in attendance at the dinner pursuant to the direction of the employer. As a result of the accident decedent sustained injuries in the nature of a brain concussion which resulted in his total disability and eventual death on December 26, 1946. The proof of causal relation between the accident and the resultant death of decedent stands undisputed in the record.

Decedent left surviving a widow who remarried on March 27, 1948, and a minor son, thirteen years of age. No claim for death benefits was filed by the widow and neither was any claim filed on behalf of the infant.

The record discloses that the widow instituted a third-party action against Lesser. In the complaint in that action it was alleged that the special damages sustained by reason of Wolfe's death amounted to $12,529.18. This suit was settled in February, 1948, for $7,500. Out of the proceeds of settlement the widow received $5,000 and $2,500 for attorney's fees and disbursements. The employer was not requested to nor did it consent to the settlement.

A claim for compensation on behalf of the decedent was filed by his attorney but such claim was not prosecuted during decedent's lifetime because his mentality was impaired and he was physically unable to leave his bed. The employer continued to pay the decedent his salary until November 1, 1946, when he was retired on a disability pension. On July 30, 1949, the referee made an award in the disability case from May 7, 1945, to December 26, 1946, at $28 per week which totalled $2,396.80, and directed that the employer be credited with the full amount of the award because it had paid decedent's wages during the period of disability. Under date of October 25, 1949, the

employer filed a notice with the board indicating that the award of compensation had been paid.

On April 13, 1948, the employer wrote to the widow a letter which stated that in recognition and appreciation of decedent's loyal and able service it was giving her a further contribution of $5,000 to help her and her son. In the letter of transmittal the employer stated that the payment made to the widow and her son was with the understanding that it would constitute a discharge from any possible claim for workmen's compensation, should such a claim ever be prosecuted.

The board made an award of $500 to the Vocational Rehabilitation Fund pursuant to the provisions of subdivision 9 of section 15 of the Workmen's Compensation Law. The pertinent provision of that section is that " the employer, or if insured, his insurance carrier, shall pay into the vocational rehabilitation fund for every case of injury causing death, in which there are no persons entitled to compensation, the sum of five hundred dollars." The board also made an award of $1,500 to the Fund for Reopened Cases pursuant to the provisions of subdivision 3 of section 25-a of the statute. That section also authorizes an award to that fund only in a " case of injury causing death for which there are no persons entitled to compensation ".

The appellant controverted the claim on the ground that the accident to decedent did not arise out of and in the course of his employment and challenged the propriety of the awards to the special funds.

We have no hesitancy in arriving at the conclusion that the board was justified in finding that the accident to decedent which subsequently resulted in his death arose out of and in the course of his employment. We think, however, that there was no justification for awards to the special funds.

At the time of decedent's accident and also at the time of his death, his widow and his son were entitled to compensation. The statute nowhere provides for an alternative payment to others where the persons entitled to compensation fail to make a claim therefor, and there is no authority in the statute for the making of an award to the special funds under such circumstances (*Matter of Industrial Comr.* v. *Underwood Elliot Fisher Co.*, 245 App. Div. 347).

The mere fact that the widow's action was compromised without the employer's consent does not vest the board with any additional powers. Subdivision 5 of section 29 of the statute reads: " A compromise of any such cause of action by the

employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioners of the state insurance fund or such officer thereof designated by them, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same.''

The widow having compromised and settled her case against the negligent third party without the consent of the employer in violation of subdivision 5 of section 29 of the law definitely divested herself of any possible right to deficiency compensation (*O'Brien* v. *Lodi*, 246 N. Y. 46; *Matter of Roth* v. *Harlem Funeral Car Co.*, 243 App. Div. 459, affd. 268 N. Y. 661).

It is apparent from the record that the right to compensation in favor of the widow and son existed long prior to the institution of the third-party action. Under those circumstances the board had no authority to say that there was no person entitled to compensation.

The act of the widow could not affect the infant's right to compensation. No limitation of time shall run against any person who is mentally incompetent or a minor so long as he has no committee or guardian (Workmen's Compensation Law, § 115). Consequently in the case before us the infant is not barred from filing a claim until the expiration of his minority. The unwillingness of the widow to exercise her right to compensation, if she had one, does not enlarge the power of the board and does not justify an attempt on its part to impose a burden on the employer which the statute does not (*Matter of Comr. of Taxation & Finance* v. *Gleasner Compressed Air Supply & Equipment Co.*, 245 App. Div. 343, affd. 269 N. Y. 590).

In the case of disability the right, if any, to an award of compensation is to be determined as of the time of the accident (Workmen's Compensation Law, § 16, subd. 5; *Matter of Industrial Comr.* v. *Underwood Elliot Fisher Co.*, *supra*). As heretofore shown, in case of the death of the injured employee the right to compensation is to be determined as of that date.

The awards should be reversed and the claim dismissed, with costs to the appellant against the Workmen's Compensation Board.

Foster, P. J., Deyo, Bergan and Coon, JJ., concur.

Awards reversed, on the law, and claim dismissed, with costs to the appellant against the Workmen's Compensation Board.