In the Matter of the Claim of LOUISE TIMM et al., Respondents, against JUNE ROGERS BEAUTY SALON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 24, 1954.

William L. Shumate for appellants.

Nathaniel L. Goldstein, Attorney-General (Carl Madonick and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.

Jacobs & Rubin for claimants-respondents.

BERGAN, J. Decedent Louise Timm worked in a beauty shop and in the course of her employment came in contact with a chemical solution which caused disability and death. A third-party action resulted in a net settlement of $22,011.94. Of this sum only $2,641.44 was allocated to the death action; the rest, totaling 88%, being allocated to the personal injury action and to her husband's action for loss of services.

She was survived, in addition to her husband, by two minor children found to have been her dependents. The two children received $419.99 and $475.46 respectively as their share of the third-party cause of action for death. They received proportionately larger sums from the settlement of the personal injury cause of action.

The board has made a deficiency award of death benefits to the dependent children for which credit is given for the amounts they received from the settlement of the third-party death claim. The employer and the compensation carrier appeal on the ground that the carrier did not give approval in writing to the settlement as required by subdivision 5 of section 29 of the Workmen's Compensation Law, and therefore it is not liable for the deficiency compensation that has been awarded in the death benefits claim. On appeal the board argues that the carrier waived the protection of the statute and is estopped from asserting it.

The record discloses that a representative of the carrier was present during the negotiations for the settlement of the third-party action and participated in the discussions, consenting to reduce its lien to the sum of $6,000 from the gross amount of the settlement of the action. The carrier was paid this amount.

The decree of the Surrogate on the proceeding to approve the settlement recites that the carrier waived service of citation and consented to the entry of the decree. Since this same decree approved the payment of the $6,000 to the carrier, which

it received and accepted, it is bound prima facie by the recitation that the Surrogate had acquired jurisdiction of it by its consent and waiver.

Both by its undisputed participation in the negotiation for settlement and by its consent to the judicial proceedings from which it received and accepted a benefit we think the carrier waived the requirement of the statute that the compromise have its written approval. The essential objection here is the ratio between the amount apportioned to the death claim and that apportioned to the decedent's disability claim.

If this ratio affected its interests adversely the carrier should not have consented to the judicial proceeding which approved the ratio; or it should have moved promptly before the Surrogate to vacate the decree and to direct a different ratio of distribution. Its formal consent to a judicial determination has the effect, at least, of a written approval of the distribution to be authorized by the Surrogate. We do not pass on the question whether the carrier may now ask for a revision of the order of the Surrogate; the record before us shows that not only was there not any objection by the carrier to the ratio of distribution, but there was affirmative consent to it.

The carrier also objects to the allowance of $400 funeral expenses to the husband under subdivision 1 of section 16 of the Workmen's Compensation Law. The carrier's argument is that such expenses were necessarily absorbed in the settlement of the third-party death claim; but the order of the Surrogate is silent on this subject, and nowhere in the abbreviated record before us can we find any factual proof of such absorption.

The referee at one of the hearings made the statement that he was " informed " that there was such absorption; but the fact does not seem demonstrable in the record presented to us, and in the absence of proof one way or the other on an abbreviated record we are required to presume that the finding of the board has a proper factual foundation. If this is not the fact the carrier may, of course, apply to reopen before the board.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Coon and Imrie, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.