In the Matter of Trustees of SAILORS' SNUG HARBOR IN THE CITY OF NEW YORK, Appellant, against BENJAMIN F. FEINBERG et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.— Motion for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ. [See 285 App. Div. 22.]

∎

In the Matter of the Claim of RICHARD T. WARBOYS, Respondent, against KRAFT FOODS CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was injured in an automobile accident while driving his employer's vehicle and instituted a third-party action against the owner of the other vehicle. The case was settled without the written permission of the Ideal Mutual Insurance Company as required by subdivision 5 of section 29 of the Workmen's Compensation Law and the question presented on appeal is whether the carrier is estopped on this record from asserting the benefits of the statute. We think the board is right in holding the carrier is estopped. The carrier also covered the liability insurance on the employer's car. It filed a lien for compensation payments made. It retained the claimant's attorney to represent its assured on the counterclaim in the action. It was advised of the settlement by a letter from the attorney addressed to its agent, by the terms of which settlement the lien for compensation would be paid and the assured employer paid an additional sum for damages to its vehicle incurred in the accident. The letter stated that it was the understanding of the attorney that the carrier consented to the compromise and " also that the employee shall retain all compensation payments or benefits arising from the accident here involved, which he has obtained in the past or may be entitled to in the future ". No reply by the carrier to this letter was offered by the carrier in the record; but the carrier accepted and kept its share of the proceeds of the settlement of the third-party action and then refused to give a formal written consent or to return the proceeds. We think it is bound by the settlement and is estopped by the acceptance of the proceeds of the settlement from a reliance on the letter of the statute. (Cf. *Matter of Timm* v. *Rogers Beauty Salon,* 284 App. Div. 1.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ. [See 285 App. Div. 844.]