Per Curiam.

In this action to recover from the third party, whose negligence is alleged to have caused the death of an assured’s employee, the payments directed to be made by plaintiffs into the special funds for vocational rehabilitation and reopened cases, in accordance with the provisions of subdivision 5 of section 29 of the Workmen’s Compensation Law, plaintiffs have appealed from the order denying their motion to strike certain defenses as insufficient in law.
These defenses are based entirely upon the satisfaction of lien for compensation payments and medical expenses executed by plaintiffs at the time of the settlement of the wrongful death action brought against defendant. The third defense alleges that plaintiffs accordingly have “ released ” any claim against defendant, and the fourth defense alleges that defendant relied upon said satisfaction in the subsequent settlement of the action and therefore plaintiffs are “estopped” and “precluded” from recovering in this action.
These defenses are clearly insufficient as a matter of law. The lien on the proceeds of any recovery in the third-party action for the amount of “ compensation ” awarded or estimated and for medical expenses (Workmen’s Compensation Law, § 29, subd. 1) is wholly unrelated to the additional and statutory cause of action created in a carrier’s favor arising from its payment into the special funds (Workmen’s Compensation Law, § 29, subd. 5). The payment into the funds is not “ compensation ” (Matter of State Treasurer v. West Side Trucking Co., 198 App. Div. 432, affd. 233 N. Y. 202). A satisfaction of “ compensation ” lien cannot possibly operate as a release of the entirely independent cause of action to recover the special payment. Nor can there be an estoppel arising solely from the proper execution of a satisfaction of lien in the absence of any other acts charged to plaintiffs, regardless of whatever inferences therefrom or reliance thereon may have been wrongly indulged in by defendant.
The nature of the defenses which may legally be interposed in this action may be gathered from a review of the applicable statutes and decisions. Since the wrongful death action was settled and did not terminate with a judgment against defendant, it may avail itself of all defenses which it could have asserted in that action (Phoenix Ind. Co. v. Staten Is. R. T. Ry. Co., 251 N. Y. 127, affd. 281 U. S. 98; Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305). It may also test “ the validity of the awards [to the special funds] against the insurance carrier by any defense which the carrier could have interposed, as it was not a party to that proceeding [in the Workmen’s *412 Compensation Bureau] and is not bound thereby ” (Phoenix Ind. Co. v. Staten Is. R. T. Ry. Co., supra, p. 139). The awards are, to be sure, prima facie evidence of the findings contained therein (Bridgeport Fire & Marine Ins. Co. v. Wilson, 34 N. Y. 275, 280) but are not res judicata as against defendant.
Since the awards to the special funds may be directed only where ‘‘ there are no persons entitled to compensation ’’, (Workmen's Compensation Law, § 15, subd. 9; § 25-a), defendant may assert defenses based upon the contention that there are dependents entitled to compensation. The statutory condition, it has been held, is satisfied either when there are no “ dependents ” in the first instance or when there no longer are persons entitled to compensation as a result of the collection of judgments or settlements from a third party in excess of the compensation payable under the law (Liberty Mut. Ins. Co. v. Colon & Co., supra; Matter of Department of Taxation & Finance v. Thompson-Starrett Co., 271 App. Div. 906; Harris Structural Steel Co. v. Dean, 182 Misc. 763, affd. 184 Misc. 688). In support of such contention defendant may, for example, assert that the carrier had consented to the settlement of the action, thus preserving the right of the dependents to deficiency compensation to be awarded; or, even in the absence of such consent, that an infant dependent is not precluded by the settlement and, if not represented by a guardian, is at liberty to assert its claim as a person still entitled to compensation. (Matter of Commissioner of Taxation & Finance v. General Elec. Co., 278 App. Div. 414.) Or, estoppel may possibly be urged arising from such acts of participation of the carrier in the third-party litigation and settlement that it should not be permitted to deny that in fact it did consent to the settlement (see Matter of Warboys v. Kraft Foods Co., 284 App. Div. 1090). These examples are cited merely to illustrate the nature of the defenses interposable:
Plaintiffs, it has been noted, have withdrawn their appeal directed to the second affirmative defense.
The order as directed to the • third and fourth affirmative defenses should be reversed, with $10 costs, and motion granted to the extent of striking said defenses, with leave to defendant to serve within five days after service of a copy of the order entered herein an amended answer containing such defenses as it may be advised to interpose not inconsistent with the opinion herein.
Eder, Hecht and Aurelio, JJ., concur.
Order reversed, etc.