William E. McCllsky, J.
This cause was tried before this court without a jury, a jury being waived. It is an action based upon subdivision 5 of section 29 of the Workmen’s Compensation Law.
The plaintiff is a Delaware corporation doing business in the State of New York and its principal place of business is New York City. It is engaged chiefly in the business of transportation for hire of goods upon public highways, operating a fleet of tractor-trailers. In the transaction of its business it has a terminal at Utica, New York. On January 6, 1955 it owned a 1953 International tractor and a 1948 Brown trailer. This unit was being operated on that date by its employee, Thomas. J. Williams, of Deansboro, New York, in the course of its usual business. He was operating the unit on Route 5 near the eastern limits of the city of Little Falls, New York, when an accident occurred.
On the same day the defendant was the owner of a unit, consisting of a Brockway tractor and a Fruehauf trailer, which bore the advertisements of Schuler Potato Chips. The unit was being operated in his business on Route 5 by his employee, Robert G-. Reynolds. The two units were being operated in opposite directions on the highway mentioned, the plaintiff’s unit proceeding west and the defendant’s proceeding east. The highway in question at the place, where the accident occurred, is a four-lane one, divided in the center by a mall 10 feet in width.
Approaching a point on the highway about 150 feet west of the easterly city limits the two units came into contact almost head-on. The drivers of both vehicles received injuries, of which they died in a short time. The point of impact was upon the northern lane of the west-bound section of the highway.
The plaintiff herein is a self-insurer. It proceeded to pay certain compensation benefits to the widow and children of its deceased employee, Williams. Within a short time the plaintiff paid in accordance with a decision of the workmen’s compensation referee certain stated sums for funeral expenses and allowances to the widow and the deceased’s surviving infant children. A third-party action pursuant to the provisions of the Decedent Estate Law was contemplated by the widow. She was appointed administratrix of her husband’s estate for that purpose. An action was instituted against the present defendant and Schuler’s Potato Chip Company, Inc., by the administratrix in the Supreme Court in Herkimer County.
In the meantime Associated had filed a notice of lien with the administratrix for the moneys paid pursuant to the order of the Workmen’s Compensation Board. Conferences were *848 had between the attorney for the Williams’ estate and the attorneys for the Associated Transport at various times during the Summer and Fall of 1955. The attorneys for Associated agreed with the attorney for the Williams’ estate not to settle the third-party actions without the knowledge of the other. However, it was specifically stated that Associated would give no written consent to any settlement of the widow’s cause of action. In September, 1955 the death action was compromised for $42,500, paid by the defendants in that action. By the order of Honorable Gael Peterson, a Justice of this court, an order approving the compromise was signed on September 13, 1955. In that order, the lien of Associated Transport in the sum of $1,880 was directed to be repaid to it. At the same term of court the action of Associated was settled for $4,500.
Later and on the second day of March, 1956, a hearing was held before Mr. Frank Sacco, one of the hearing referees of the Workmen’s Compensation Board. Associated was present but neither of the defendants in the Supreme Court action were, nor were they ever notified. The referee determined that the third-party action was settled and compromised without the consent of the Associated Transport. He also held that the widow waived any and all further payments under the Workmen’s Compensation Law and that the amounts received by the infant children of the deceased employee exceeded future payments that the self-insured employer would be obliged to pay. The employer was discharged from any further liability to the children. It was then directed to pay $500 into the “ Vocational Rehabilitation Fund ” and $1,500 into the “ Fund for Re-opened Cases ”. Those amounts were paid to the funds in question on or about March 23, 1956. It was for these amounts that the present action was brought.
Subdivision 5 of section 29 of the Workmen’s Compensation Law provides as follows: “A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioners of the state insurance fund or such officer thereof designated by them, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same.”
Sections 15 and 25-a of the law referred to therein provide for the creation of two separate funds. In death actions where no one is entitled to receive compensation benefits, the insurer must pay $500 into one fund and $1,500 into another fund. The *849 statutory condition is satisfied either when there are no “ dependents ” in the first instance or where there no longer are persons entitled to compensation as a result of the collection of a judgment or settlements from a third party in excess of the compensation that might be payable under the Compensation Law. (Matter of Department of Taxation & Finance v. Thompson-Starrett Co., 271 App. Div. 906.)
The section mentioned gives a cause of action to the carrier for the sum so paid in addition to any cause of action belonging to or brought by the personal representatives of the deceased employee. (Phœnix Ind. Co. v. Staten Is. R. T. Ry. Co., 251 N. Y. 127.)
Furthermore, and as a corollary of the above, the sum so paid, for which an action may be brought, is not a “ compensation ” payment. (Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305.)
It has been held further that the right to bring such an action does not foreclose the prospective defendant from any defenses he or it might have had. It is not res judicata so far as the defendant is concerned because no judgment was ever entered. So, too, with reference to the decision of the Workmen’s Compensation Board. (Staten Is. Ry. v. Phœnix Co., 281 U. S. 98.)
An excellent discussion and summary of the defenses possible to be interposed by a defendant, situated as herein, is set forth in the opinion of the court in Commissioners of State Ins. Fund v. Consolidated Edison Co. (2 Misc 2d 410).
So far as the finding of the compensation referee that there were no dependents within the meaning of the act, the facts amply substantiate that decision. There is no proof before this court upon which a contrary finding could be based and contrariwise there is sufficient evidence to support the findings. In the third-party action, a special guardian was appointed for the infant Williams children in the settlement proceeding.
The next defense would be that of estoppel. “ [T]he rule of law is clear, that when one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.” (Carpenter v. Stilwell, 11 N. Y. 61, 73.)
“ An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to injury.” (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292.)
*850 In the instant case, Associated at all times in the original Supreme Court actions refused its consent to the settlement of Williams’ action. It emphasized this position again on September 13,1955 when its own cause was being settled. The Williams’ estate was not misled and for all practical purposes did not care, for the amount received would be in excess of any prospective compensation payments. Certainly Reid and Schuler were not misled nor did they change their positions by reason of any acts by Associated.
Furthermore, Associated did not reduce its lien by a single penny. It received exactly what it claimed. The factual situation herein clearly distinguishes the instant case from Matter of Timm v. Rogers Beauty Salon (284 App. Div. 1). So too is it distinguishable from the decision in the Matter of Warboys v. Kraft Foods Co. (284 App. Div. 1090).
The mere fact that Associated settled its own property damage action at the same time without altering its claim or position in the Williams’ action cannot be construed as an estoppel.
The chief defense left is whether or not the Williams’ estate could have recovered against the present defendant in its action. Associated stands in the same position as the Williams’ estate, No one except the deceased drivers were witnesses to this accident. However, there are certain factual matters which speak for themselves. The impact occurred either on the north section of the westbound lanes or partially on the pavement and on the northern shoulder. The roadway was wet and slushy. Bach concrete lane was 11 feet wide and the mall was actually six feet in width. The roadway at the point of the accident was level and straight. There were dual tire marks in the slush leading to the rear of Associate Transport’s unit. They were described as “skid” marks. The defendant’s unit had been eastbound and had crossed the mall, the southern section of the westbound lane and part of the northern section, when the impact occurred. Clearly the truck was being operated on the ‘ ‘ wrong ” side of the highway. That was the proximate cause of the accident. An emergency may have arisen insofar as the Reid unit was concerned. But the record is completely devoid of any evidence that would sustain such an excuse, Furthermore, in this case such a defense was imposed on the defendant. The “ skid” marks with the veering to the north edge of the road of the Associated Transport’s unit would negative any claim of contributory negligence upon the part of Williams in failing to act when an impending disaster loomed up. From all the evidence in this record it would appear that the accident was caused by the negligent operation of the defendant’s unit.
*851 This decision is in lieu of any findings of fact and conclusions of law. Judgment may he entered in favor of the plaintiff and against the defendant in the sum of $2,000 with interest from March 23,1956, and costs.