In the Matter of the Claim of CATHERINE GRAY, Respondent, against JEREMIAH BURNS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — This is an appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board holding the insurance carrier liable for deficiency compensation. Decedent Donald Gray, on October 19, 1950, sustained accidental injuries in the course of his employment which resulted in his death. He left surviving his mother and father, who were partially dependent upon him, and they received dependency death benefits which were paid by the carrier until March 31, 1953. The administrator of decedent's estate commenced a third-party action against New York City Housing Authority and Cauldwell-Wingate Construction Company, for negligence in causing decedent's death. Employers Mutual Liability Insurance Company of Wisconsin, the insurance carrier herein, was also the liability carrier for Cauldwell-Wingate Construction Company. The third-party action was settled for the sum of $32,700 and was paid by the appellant insurance carrier herein. From this sum the insurance carrier was repaid the sum of $10,999.10, as reimbursement and satisfaction of its lien for compensation payments made. Following the settlement of the third-party action the board found that it was made with the consent of appellant insurance carrier, and that the parents of the decedent were entitled to deficiency compensation. The contention of the appellant insurance carrier is that the third-party settlement was made without their written consent and that under the Workmen's Compensation Law (§ 29, subd. 5) the claimants have lost their right to deficiency compensation. It is also urged that there was no oral inducement herein, and therefore the question presented on this appeal is whether the appellant insurance carrier is estopped on this record from asserting the benefits of the statute. We think the board is right in its holding that the appellant insurance carrier is estopped, because its acts and conduct indicate that it gave its consent. It had the coverage on Cauldwell-Wingate; actively participated in the negotiation and consummation of the settlement of the third-party action; received reimbursement to the extent of $10,999.10 for compensation payments previously made; was credited with the sum of $7,033.95 paid out of the proceeds of the third-party settlement, to each of the decedent's parents, as against future compensation benefits to become due as a deficiency. To now contend, considering the advantages of the settlement it made, that its actions and conduct in settling the third-party action were solely as a result of its insurance contract with Cauldwell-Wingate and not binding on it as carrier for the employer herein and that therefore these claimants are denied their right to deficiency compensation seems unconscionable. We feel that the appellant insurance carrier is bound by the settlement and is estopped by its acts and conduct from asserting the benefits of the statute. (Matter of Warboys v. Kraft Foods Co., 284 App. Div. 1090; cf. Matter of Timm v. Rogers Beauty Salon, 284 App. Div. 1.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson and Reynolds, JJ., concur; Herlihy, J., dissents, in the following memorandum: The question is whether a carrier who, due entirely to extraordinary circumstances, insures both the employer in a Workmen's Compensation claim and a defendant in a third-party action, is estopped from denying that it gave its consent to the settlement of the said third-party action under subdivision 5 of section 29 of the Workmen's Compensation Law. Because of fortuitous cir-

cumstances, over which it had no control, the insurance carrier herein had Workmen's Compensation and liability insurance in a third-party action for different assureds but both involved in the same accident. As a result of settlement under the liability policy and a payment of the outstanding compensation lien, the board has found that although there was no written consent, there was an implied waiver of section 29 of the Workmen's Compensation Law. Ordinarily a settlement of a third-party action without the carrier's written consent relieves the carrier and employer from further responsibility. (*Matter of McConvey* v. *Donovan Haas Co.*, 227 App. Div. 825, affd. 253 N. Y. 538.) It has been held that under some circumstances consent may be implied as set forth in the cited cases of the majority. In those cases because of affirmative consent, actual or implied, the carrier was estopped from reliance on the statute. In this case, the attorneys for the claimant in both the compensation and third-party action addressed a letter to the Compensation Board in which they acknowledged there was no written consent to the settlement and that one of the attorneys for the carrier during settlement negotiations stated that any settlement of the third-party action was not to be considered a consent by the employer and its compensation carrier. The majority have opinioned that circumstances here estop the carrier. It is recognized that estoppel arises from the conduct of the party. Here, while the carrier might have been more affirmative in its action, there is no basis for the finding of waiver or estoppel because of *fortuitous* circumstances. There is no evidence that the insurance carrier benefited by following the usual procedure where different carriers are involved. There is no complaint as to the amount of settlement by the third-party and the payment of the compensation lien is mandated by law. If the majority is sustained, under similar circumstances the employer is in jeopardy of increased compensation rates or the liability policyholder, unable to accept a compromise settlement, is exposed to the risk of a jury award. Neither has any control over the situation which arises as the result of their agent placing the insurance coverage with the same company. The practical application of section 29 of the Workmen's Compensation Law has been a source of complication and confusion to the trial courts for many years. It has been suggested as one obstacle in causing court congestion of tort litigation. The law should not be further extended by way of implication and judicial interpretation. If correction is needed, it is a matter for the Legislature. In my opinion, the decision and award of the Workmen's Compensation Board should be reversed.