John D. Bennett, S.
This is a motion to modify an order dated March 9, 1966 providing for the distribution of the proceeds of an action for wrongful death and personal injuries which had been settled in the Supreme Court subject to the approval of this court. The instant motion is brought on by the workmen’s compensation carrier which claims that it has been prejudiced by reason of a deficiency compensation award made to a son of the decedent who had been adopted prior to the father’s death from the injuries sustained.
When the matter appeared in this court, guardians ad litem were appointed for both children of the decedent, the one who had been adopted being a child of decedent’s prior marriage and the second, a child of his second marriage. The petition proposed, as part of the distribution of the proceeds of the wrongful death action, that the entire balance remaining after expenses be paid to the widow and the child of the second marriage to the exclusion of the adopted child who, it was alleged, sustained no pecuniary injuries under the statute (EPTL 5-4.4, formerly Decedent Estate Law, § 133).
An intermediate decision of this court dated January 25, 1966 (48 Mise 2d 1029) placed the matter on the calendar for the purpose of a hearing to determine whether the adopted child had sustained any pecuniary loss so as to entitle him to share in the wrongful death recovery. Thereafter, pursuant to a stipulation in open court on February 24, 1966, the adopted child’s share of the wrongful death recovery was fixed at $1,750. The child of the second marriage received the sum of $25,084.71. While the papers do not indicate whether the insurance carrier consented to this allocation, it had been made a party to the proceedings as appears by its waiver of citation annexed to the petition.
The compensation carrier alleges that it has been required to contribute a sum in excess of $6,000 to be paid to an “ Aggre *682 gate Trust Fund ’ ’ for the benefit of the adopted child under subdivision 2 of section 16 of the Workmen’s Compensation Law. Since under the Workmen’s Compensation Law the amount recovered in a third-party action must be credited to a compensation award, the carrier claims that the small sum allocated to the adopted child in comparison to the award made to the child of the second marriage has prejudiced its rights and requests as part of the relief sought that there be a redistribution in equal amounts between the two children.
In the alternative, it requests that “ for the purposes of the Decedent’s Estate Law, as well as the Workmen’s Compensation Law, the amount paid to said infant, steven loew, of $1750 be deemed full satisfaction.”
The alternate argument seems one that should be directed to the Workmen’s Compensation Board, or to an appellate court on appeal from the former’s determination as to the deficiency award rather than to this court. Apparently the Workmen’s Compensation Board has found that the adopted child was dependent upon his natural father to some extent. It has been repeatedly held that a cause of action for injuries resulting in death prosecuted against a third party is for the benefit not of dependents as defined by the Workmen’s Compensation Law but of distributees who have suffered pecuniary injuries. The two classes are not invaribly or commonly the same (Matter of Zirpola v. T. & E. Casselman, Inc., 237 N. Y. 367; Matter of Battalico v. Knickerbocker Fireproofing Co., 250 App. Div. 258). Since the rights of the adopted infant under the third-party action and under the Workmen’s Compensation Law rest on quite distinct grounds as far as the assessment of the share or award, the suggestion that this court somehow should affect the Workmen’s Compensation award is completely without authority.
Subdivision 5 of section 29 of the Workmen’s Compensation Law provides that a compromise of any cause of action by the employee or his dependents in an amount less than the compensation provided for shall be made only with the written approval of the insurance carrier liable to pay the same. While there does not appear to be in the record any indication of an express consent by the carrier to the allocation made to the adopted child, as noted above, it was a party to the proceeding in this court and waived issuance of a citation which was annexed to a petition which proposed to distribute absolutely nothing to the adopted child. It was only at the direction of this court and the urging of the guardian ad litem on behalf of the adopted child that his rights were given any consideration *683 at all. In any event, the only apparent result of a settlement without the consent of the carrier is to relieve the carrier and employer of liability for further compensation even though no prejudice results (Matter of Duffy v. Fuller Co., 21 A D 2d 725). Again whether the circumstances here would result in a deprival of compensation payments to the adopted infant is a matter within the jurisdiction of the Workmen’s Compensation Board or appellate courts on a review of its determination. (See Matter of Commissioner of Taxation v. General Elec. Co., 278 App. Div. 414; Matter of Gruhn v. Miller Brown, Inc., 275 App. Div. 975.)
Under former subdivision 6 of section 20 of the Surrogate’s Court Act (see present SCPA 209, subd. 9), the Surrogate is authorized to open or vacate an order or decree or to grant a new trial or hearing for fraud, newly discovered evidence, clerical error, “ or other sufficient cause ”. The order sought to he modified was signed over two years ago; to open it should not be treated lightly and the discretionary power accorded this court should not be exercised except for substantial cause. This motion is ac.cordingly denied.